The judgment of the court was pronounced by
Rost, J.
The only legal question presented in this case is, whether the buildings and improvements on the public domain can be sold, and constitute a valid consideration for a promissoiy note given in payment for them. The defendants allege that they do not constitute a valid consideration, and rely in support of that ground of defence on the cases of Jenkins v. Gibson, 3d Ann. 203, and Hollon v. Sapp, 4th Ann. 519. This defence failed in the court below, and the defendants have appealed.
In the two cases relied on the land had been acquired from the United States by other persons, and the parties who had made the improvements claimed their value from the purchasers before they were compelled to surrender the land. In those cases it was further shown, that the improvements had been made by persons not in a situation to avail themselves of the preemption laws. We held them to be mere trespassers, and that their condition as trespassers was fixed by the sale of the land to other persons ; and as the powers of Congress in relation to the alienation of the public domain are absolute, we considered that State laws could impose no charge on the purchaser, and that the laws giving a remuneration for works and improvements made on the land of another, should not be construed as applying to improvements made on the public domain.
The facts of this case are entirely different. The defendants gave the note sued upon for an old tavern stand situated on public lands, with a house and other buildings. This contract is primd facie valid, and it was incumbent upon them to show the failure of consideration. It is not pretended that the land has been entered by any other person, or that the party who sold could not have acquired it under the preemption laws. The contract must, therefore, be enforced between the parties; but, of course, it gives no title to or privilege upon the land independent of or adverse to any title which may hereafter be derived from the United States. Duval v. Kellam, 1 R. R. 57.
The judgment is affirmed, with costs.